**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

E.V., and L.V.,

        . Plaintiffs, .

                                    Case No. 1:22-CV-02855-PAC

    vs.

UNITED HEALTHCARE OXFORD,
UNITED BEHAVIORAL HEALTH

        Defendants.

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

PAUL A. CROTTY, U.S.D.J.:

    WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, protected health, individually identifiable, and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

    IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2.      The Parties desire to ensure the privacy of HIPAA protected information, including patient/insured/member medical records, patient/insured/member claims information, and other   information that the Parties have determined might contain sensitive personal information,  including Protected Health Information, Individually Identifiable  Information, and  any  other   protected information, as defined by the Standards for Privacy of Individually Identifiable Health  Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be  designated as "Confidential."

      **a.**      Protected Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103.  Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.  It also includes, but is not limited to: medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from patient health information.

**b.** Individually Identifiable Information, as used herein, means information referred to and identified in 45 C.F.R. §164.514(b), including, but not limited to: name; address; names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

**c.** Additionally, the Parties and their attorneys and any future parties and their attorneys in this Action, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent and subject to the conditions outlined herein.

3. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, insurance coverage, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed medical policies, business plans, product-development information, or marketing plans;

(d)     information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law;

(e)     Patient Health Information, Patient Identifying Information, or other HIPAA Information further defined in Paragraph 2, 2a and 2b above;

(f)     any information of a personal or intimate nature regarding any individual; or

(g)     any other category of information this Court subsequently affords confidential status.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by:  (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7.      Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

9.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Documents previously produced shall be retroactively designated by notice in writing of the designated confidentiality class of each document (including, if possible, by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "Confidential" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

- 6 -

11. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.   In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.   Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.   Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

18.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: June 1, 2022                                Dated: June 1, 2022

_Brian S. King_                                       _Samuel Kadosh_
Brian S. King                                          Samuel Kadosh
brian@briansking.com                          skadosh@reedsmith.com
**Brian S. King, P.C.**                            **Reed Smith LLP**
420 E. South Temple, Ste. 420            599 Lexington Avenue
Salt Lake City, UT 84111                      New York, NY 10022
T: (801) 532-1739                                  T: (212) 549-0451

*Attorney for Plaintiffs*                          *Attorney for Defendants*

Dated: June ___, 2022
         New York, New York

                                                            SO ORDERED.

                                                            _____
                                                            Judge Paul A. Crotty
                                                            United States District Judge

- 9 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

E.V., and L.V.,

        Plaintiffs,

           Case No. 1:22-CV-02855-PAC

    vs.

UNITED HEALTHCARE OXFORD,     **Stipulated Confidentiality Agreement**
UNITED BEHAVIORAL HEALTH      **and Protective Order**

        Defendants.

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: